FILED
United States Court of Appeals
Tenth Circuit

September 5, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

KATHARINA KATJA ISABEL MEIER, in her individual personal capacity and in her capacity as next friend of NBM, her minor child,

    Plaintiff - Appellant,

v.

ASPEN ACADEMY; SUZANNE GOODSPEED, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Chair; WAYNE GUERRA, M.D. individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Advancement Committee and Strategic Initiatives Committee; JAMES JOHNSON, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Safety & Security Committee; JACK KEENAN, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Finance & Audit Committee and Investment Committee; LEW KLING, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Finance & Audit Committee and Investment Committee; CORINNE LENGSFELD, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Safety & Security Committee; BRIAN MEEGAN, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards

No. 24-1372
(D.C. No. 1:23-CV-02637-RMR-NRN)
(D. Colo.)

Compensation Committee; JAMES PARK, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Advancement Committee (Development); KRISTINA SCALA, individual and official capacities as a Member of the Aspen Academy Board of Trustees and Aspen Academy Founder & President and Aspen Academy Registered Agent; ARJUN SEN, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Advancement Committee (Branding); BRAD TUCKER, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Governance Committee; LORI TAYLOR, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Advancement Committee; TIM TAYLOR, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Advancement Committee and Strategic Initiatives Committee; DARRYL WATTERS, individual and official capacities as a Member of the Aspen Academy Board of Trustees and the Boards Finance & Audit Committee and Investment Committee; COREY SAMPSON, individual and official capacities as Middle School Principal of Aspen Academy; John Does 1-7, whose true names, identities, and capacities are unknown, and Jane Does 1-7, whose true names, identities, and capacities are unknown; GEORGE SPARKS, individual and official capacities as a Member of the Aspen Board of Trustees and the Board's Past Chair,

  Defendants - Appellees.

_____

2

# ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff Katharina Katja Isabel Meier, in her individual personal capacity and as next friend of NBM, her minor child, sued Defendant Aspen Academy and numerous individuals affiliated with Aspen Academy (Defendants) in the United States District Court for the District of Colorado. Plaintiff alleged that each Defendant acted as a state actor in violating her rights under the United States and Colorado constitutions. Defendants moved to dismiss the lawsuit, and the district court referred the motion to a magistrate judge, who recommended dismissal. Plaintiff filed no objection to the recommendation. The district court adopted the recommendation and entered judgment in Defendants' favor. Because Plaintiff failed to object to the recommendation, she waived her right to appellate review. We therefore dismiss this appeal.

After this appeal was docketed, we issued an order identifying "a probable procedural defect that may preclude appellate review," and informed Plaintiff that we were "considering summary disposition of this appeal." Order at 1, ECF No. 10

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

3

(filed Oct. 7, 2024).  To avoid dismissal, Plaintiff needed to file a memorandum brief addressing "whether [Plaintiff] waived appellate review because no specific written objections to the magistrate judge's report and recommendation were filed before the district court adopted the recommendation." *Id.* at 2.  Plaintiff filed a memorandum brief, and Defendants filed a response.

Plaintiff's brief concedes that she did not file objections to the magistrate judge's recommendation.  "We have adopted a firm-waiver rule providing that the failure to make timely objections to a magistrate judge's recommendations waives appellate review of both factual and legal questions." *Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016) (brackets and internal quotation marks omitted).  There are only two exceptions to this rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted).

Neither exception applies here.  The first exception does not apply because Plaintiff is represented by counsel.[1]  Plaintiff has not invoked the second exception, but even if she had, we have applied that exception to a counseled party "only in the rare circumstance in which [the] party did not receive a copy of the magistrate's [report and recommendation]." *Vega v. Suthers*, 195 F.3d 573, 580 (10th Cir. 1999).

---

[1] Although Plaintiff is represented, we also note that the magistrate judge's recommendation specifically advised Plaintiff and her counsel of the need to file objections to preserve any potential right to appellate review.

4

Plaintiff does not claim that her counsel did not receive a copy of the magistrate judge's recommendation.

Instead, Plaintiff states that her counsel elected not to file objections to the magistrate judge's recommendation because doing so would have been futile and a waste of resources. She contends that because the magistrate judge entered a stay of discovery, she had no way to prove the jurisdictional facts necessary to overcome Defendants' motion to dismiss, so the district judge would have adopted the magistrate judge's recommendation regardless of whether she objected. We question the merits of this argument, since the obvious solution would have been to file an objection to the stay of discovery, arguing at least that discovery on jurisdictional facts should be permitted before ruling on the motion. In any event, Plaintiff cites no authority in support of a futility exception to the firm-waiver rule, and we have found none. And contrary to her contention that the rule wastes judicial resources, the Supreme Court has noted that one of its purposes is to *promote* the efficient use of judicial resources. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) (rule requiring filing of objections to preserve right to appellate review "is supported by sound considerations of judicial economy").

Plaintiff also invokes a local rule of this court in urging us to suspend application of the firm-waiver rule in this instance. *See* 10th Cir. R. 2.1 ("The court may suspend any part of *these* rules in a particular case on its own or on a party's motion." (emphasis added)). But the firm-waiver rule is not one of this court's local

5

rules referenced by the "these rules" language of Rule 2.1. And even if it were, we would not be inclined to exercise our discretion to provide Plaintiff an escape hatch.

We have jurisdiction under 28 U.S.C. § 1291 and dismiss this appeal. We deny as moot Plaintiff's Motion to Take Judicial Notice.

                                      Entered for the Court

                                      Harris L Hartz
                                      Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| Christopher M. Wolpert | | Jane K. Castro |
|---|---|---|
| Clerk of Court | | Chief Deputy Clerk |

September 05, 2025

Mr. Stanley Charles Thorne
Stanley Charles Thorne
14405 West Colfax Avenue, Suite 289
Lakewood, CO 80401

**RE:**   24-1372, Meier v. Aspen Academy, et al
Dist/Ag docket: 1:23-CV-02637-RMR-NRN

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(d)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rule 40 and 10th Cir. R. 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   Matthew Hegarty
      John F Peters

CMW/lg